UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Criminal Case No. 06-cr-00447-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. GUSTAVO MORENO-MARTINEZ,

2. ELIDA OLIVARES-CARRENO,

    Defendants.

_____

**ORDER**
_____

THIS MATTER is before the Court in connection with the Joint Motion to Declare Case Complex [# 53] based on 18 U.S.C. § 3161(h)(8)(B)(ii), filed November 24, 2006. The motion asserts that the issues in this case are unusual and complex, that this case should be declared complex pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii), and that both the Government and the Defendant agree that the case should be declared complex. For the reasons stated in this Order, the joint motion is granted.

The Defendants were indicted on eight counts including 18 U.S.C. § 1546(a), Fraud and Misuse of Permits and Other Documents, 18 U.S.C. § 1028(a)(5), Possession of Implements to Counterfeit Documents, 18 U.S.C. § 1028(a)(3), Fraud and Related Activity in Connection with identification Documents, and 42 U.S.C. § 408, Social Security Fraud. The Defendant ELIDA OLIVARES-CARRENO remains a Fugitive. Further, the dates of violation span almost three years (October 2003

continuing through August 2006).  I find that because there is extensive discovery including search warrants, surveillance, informants, computers, taped telephone conversations and related matters, this case may be appropriately declared complex pursuant to 18 U.S.C. § 3161(a)(8)(B)(ii).  Additionally, Defense counsel states that it is in the best interest of Defendant GUSTAVO MORENO-MARTINEZ  to be able to evaluate the entire evidence against him.  The Government states that discovery includes surveillance, co-conspirator statements, search warrant items and analysis, forensic analysis of computer equipment, police and federal agent reports and related items and other matters.  Therefore, it will take considerable time for the Defendant and his counsel to review and analyze this discovery.

As such, I find that this case involves novel questions of fact and law, unusual and complex issues, and extensive discovery, such that the case should be declared complex pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii).  In light of the complexity of this case, I find that the ends of justice served by a continuance of the trial date outweigh the best interest of the public and the Defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(8)(A).  Accordingly, it is

ORDERED that the Joint Motion to Declare Case Complex [# 53], filed November 24, 2006, is **GRANTED**.  It is

FURTHER ORDERED that the three (3) day jury trial set to commence on January 8, 2007, is **VACATED**.  It is

FURTHER ORDERED that the speedy trial deadlines are tolled for an additional **one hundred eighty (180) days**.  It is

FURTHER ORDERED that a status conference is set for **Friday, June 1, 2007, at 11:00 a.m.**  Trial shall be reset at that conference.  It is

FURTHER ORDERED that both parties shall file a status report by **Friday, May 25, 2007**.

Dated:  December 20, 2006

BY THE COURT:

s\ Wiley Y. Daniel  
Wiley Y. Daniel,  
U. S. District Judge